**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ALLEN F. COWART, JR. and KAY H. COWART; DARLENE BROWN and JOHN WOODARD; SHEILA JACKSON and MICHAEL GARITY; BILMA HALL, WALLACE and SHIRLENE SOMERSET, DEBORAH MOLETTE, and RAMONA GULLEY,** | ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **CASE NUMBER: 08-96** ) |
| **AMERIQUEST MORTGAGE COMPANY,** | ) ) ) |
| **Defendant.** | ) ) |

**COMPLAINT**

NOW COME the Plaintiffs and as their Complaint against Defendant Ameriquest Mortgage Company aver as follows:

**JURISDICTION**

This action includes claims which arise under the statutes of the United States, and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**SUMMARY OF CLAIMS**

These claims arise from real estate loan transactions resulting in mortgages upon Plaintiffs' homes, all of which are located in this district. Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs allege that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to

cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained his or her right to cancel the transaction. Each Plaintiff has exercised that right by delivering written notice of his or her election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Each Plaintiff seeks a court determination that his or her loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1.      Plaintiffs are all of full age of majority and reside in this district.

2.      Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3.      Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

4.      Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower

2

receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5.      A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6.      When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7.      Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8.      As to each of the Plaintiffs' loans, AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the  transaction.

9.      With respect to each of the Plaintiffs' loan, AMC included in its closing papers a

3

document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned.

10.    Pursuant to TILA, Section 15 U.S.C. 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

11.    Each of the Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  Each of the Plaintiffs offered, in their notice of rescission, to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

12.    AMC is a  "creditor" as that term is defined at 15 U.S.C. 1602(f).


**The Cowart Loan**

13.    Plaintiffs Allen F. Cowart, Jr. and Kay H. Cowart are adult residents of Mobile County, Alabama and, at all material times, resided at 5308 Woodline Drive in Mobile, Alabama.

14.    On or about August 23, 2005, the Cowarts obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $111,000 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "Cowart Loan").

15.    AMC failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

16.    With respect to the Cowart Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with

4

the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

17.     As a result of AMC's failure to provide the notices and disclosures required by TILA, the Cowarts retained their right to cancel the transaction.

18.     By letter dated November 29, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

19.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT I
### TILA Violations - Cowart

21.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

22.     Plaintiffs have properly and effectively cancelled and rescinded the Cowart Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23.     Defendant has violated TILA, with respect to the Cowart Loan, in at least the following ways:

      (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

5

WHEREFORE, Plaintiffs Allan F. Cowart, Jr. and Kay H. Cowart respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Cowart Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.


**The Brown-Woodard Loan**

24.    Plaintiffs Darlene Brown and John H. Woodard are adult residents of Mobile County, Alabama and, at all material times, resided at 6550 #G Spice Pond Road, Eight Mile, in Mobile Alabama.

25.    On or about December 16, 2004, Ms. Brown and Mr. Woodard obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the

"Brown-Woodard Loan").

26.    AMC failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

27.    With respect to the Brown-Woodard Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

28.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Brown and Mr. Woodard retained their right to cancel the transaction.

29.    By letter dated October 15, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

30.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiff as their principal dwelling.

**COUNT II**
**TILA Violations - Brown-Woodard**

32.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

33.    Plaintiffs have properly and effectively cancelled and rescinded the Brown-Woodard Loan in accordance with the rights and procedure set out in 15. U.S.C. § 1635.

7

34.    Defendant has violated TILA, with respect to the Brown-Woodard Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Darlene Brown and John H. Woodard respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Brown-Woodard Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Jackson-Garity Loan**

35.    Plaintiffs Sheila Jackson and Michael Garity are adult residents of Mobile County, Alabama, and, at all material times, resided at 3425 Lakewind Drive, in Mobile, Alabama.

36.    On or about January 7, 2006, Sheila Jackson and Michael Garity obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $190,544 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "Jackson-Garity Loan").

37.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Jackson-Garity loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

38.    With respect to the Jackson-Garity loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

39.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Sheila Jackson and Michael Garity retained their right to cancel the transaction.

40.    By letter dated October 30, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

41.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a

security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT III
## TILA Violations - Jackson-Garity

43.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44.    Plaintiffs have properly and effectively cancelled and rescinded the Jackson-Garity Loan in accordance with the rights and procedure set out in 15. U.S.C. § 1635.

45.    Defendant has violated TILA, with respect to the Jackson-Garity Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Sheila Jackson and Michael Garity respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Jackson-Garity Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but

in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Hall Loan**

46. Plaintiff Bilma Hall is an adult resident of Mobile County, Alabama and, at, all material times, resided at 2252 Roosevelt Street in Mobile, Alabama.

47. On or about June 22, 2006, Ms. Hall obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $79,280 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Hall Loan").

48. AMC failed to provide the required notices of the Plaintiff's right to cancel the Hall loan. The form notices that were supplied to Ms. Hall were blank, unsigned and not dated. At no point at or after closing was Ms. Hall provided a completed, dated or signed notice of her right to cancel the transaction.

49. With respect to the Hall Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

50. As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Hall retained her right to cancel the transaction.

51. By letter dated August 10, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

52. Despite having received notice of Plaintiff's election to cancel the transaction,

Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

**COUNT IV**
**TILA Violations - Hall**

54.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

55.    Plaintiffs have properly and effectively cancelled and rescinded the Hall Loan in accordance with the rights and procedure set out in 15. U.S.C. § 1635.

56.    Defendant has violated TILA, with respect to the Hall Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Bilma Hall respectfully request that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Hall Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.


**The Somerset Loan**

57.    Plaintiffs Wallace and Shirlene Somerset are adult residents of Mobile County, Alabama and, at all material times, resided at 1810 Rosedale Road in Mobile, Alabama.

58.    On or about July 14, 2005, Mr. and Mrs. Somerset obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Somerset Loan").

59.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Somerset loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

60.    With respect to the Somerset loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

61.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Wallace and Shirlene Somerset retained their right to cancel the transaction.

62.     By letter dated October 12, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

63.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

64.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT V
## TILA Violations - Somerset

65.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

66.     Plaintiffs have properly and effectively cancelled and rescinded the Somerset Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

67.     Defendant has violated TILA, with respect to the Somerset Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Wallace and Shirlene Somerset respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Somerset Loan, including a declaration that Plaintiffs are not liable

14

for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.


**The Molette Loan**

68.      Plaintiff Deborah B. Molette is an adult resident of Mobile County, Alabama and, at all material times, resided at 1305 Olive Street in Mobile, Alabama.

69.      On or about May 13, 2005, Ms. Molette obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $57,317.50 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Molette Loan").

70.      AMC failed to provide the required notices of the Plaintiff's right to cancel the Molette Loan.  The form notices that were supplied to Plaintiff was blank, unsigned and not dated. At no point at or after closing was Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

71.      With respect to the Molette Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week"

15

"notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

72.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiff Deborah Molette retained her right to cancel the transaction.

73.    By letter dated September 28, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

74.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

75.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

**COUNT VI**
**TILA Violations - Molette**

76.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

77.    Plaintiff has properly and effectively cancelled and rescinded the Molette Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

78.    Defendant has violated TILA, with respect to the Molette Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

> (B)    By failing to give proper notice of Plaintiff right to cancel the transaction.

WHEREFORE, Plaintiff Deborah Molette respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following

16

relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Molette Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Gulley Loan**

79.    Plaintiff Ramona Gulley is an adult resident of Mobile County, Alabama and, at all material times, resided at 2170 Gill Road in Mobile, Alabama.

80.    On or about October 11, 2004, Ms. Gulley obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $75,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Gulley Loan").

81.    AMC failed to provide the required notices of the Plaintiff's right to cancel the Gulley Loan. The form notices that were supplied to Plaintiff was blank, unsigned and not dated. At no point at or after closing was Plaintiff provided a completed, dated or signed notice of her right

to cancel the transaction.

82.    With respect to the Gulley Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

83.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiff Ramona Gulley retained her right to cancel the transaction.

84.    By letter dated September 20, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

85.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

86.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

### COUNT VI
### TILA Violations - Gulley

87.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

88.    Plaintiff has properly and effectively cancelled and rescinded the Gulley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

89.    Defendant has violated TILA, with respect to the Gulley Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with

the loan; and

    (B)    By failing to give proper notice of Plaintiff right to cancel the transaction.

WHEREFORE, Plaintiff Ramona Gulley respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Gulley Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.


**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

s/ Kenneth J. Riemer, Esq.
KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile, AL 36633
Telephone:  (251) 432-9212
Facsimile:  (251) 433-7172
Email:  kjr@alaconsumerlaw.com

s/ Earl P. Underwood, Jr., Esq.
EARL P. UNDERWOOD, JR.  (UNDEE6591)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
Email: epunderwood@alalaw.com


s/ James D. Patterson, Esq.
JAMES D. PATTERSON (PATTJ6485)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
Email: jpatterson@alalaw.com


**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104